STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

FRANK J. RIEBLI (CABN 221152)
ERIC CHENG (CABN 274118)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Frank.Riebli@usdoj.gov
    Eric.Cheng@usdioj

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | NO. 21-CR-274 CRB |
|---|---|---|
| Plaintiff, | ) ) ) | STIPULATION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND [PROPOSED] ORDER |
| v. | ) ) | |
| IAN BENJAMIN ROGERS, | ) ) | |
| Defendant. | ) ) | |

    It is hereby stipulated, by and between counsel for the United States and counsel for the defendant Ian ROGERS, that time be excluded under the Speedy Trial Act from March 2 through March 30, 2022.

    On February 1, the government and counsel for the defendant stipulated that the status conference set for February 2 should be continued to March 2, 2022 and time should be excluded under the Speedy Trial Act, noting that the government had recently secured ROGERS's transfer from state to federal custody (with the concurrence of state authorities), conducted a "reverse proffer" for ROGERS, provided ROGERS a draft plea agreement, and begun negotiations for a global resolution of the charges ROGERS presently faces. Dkt. No. 43. The parties agreed that additional time was needed to determine

whether a resolution was possible and, if so, coordinate it with federal and state authorities. *Id.* The parties also agreed that ROGERS needed additional time to consider the information the government provided him during the reverse proffer. *Id.* The stipulation was granted that day. Dkt. No. 44. On February 9, 2022, the March 2 status conference was continued to March 30, 2022 by clerk's notice, with the agreement of the parties. Dkt. No. 47.

For all of these reasons, the parties stipulate and agree that excluding time until March 30, 2022 will allow for the effective preparation of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The parties further stipulate and agree that the ends of justice served by excluding the time from March 2 through March 30, 2022 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

IT IS SO STIPULATED.

DATED: February 14, 2022

/s/
FRANK RIEBLI
ERIC CHENG
Assistant United States Attorneys

DATED: February 14, 2022

/s/
COLIN COOPER
Counsel for Defendant Ian Rogers

## [PROPOSED] ORDER

Based upon the facts set forth in the stipulation of the parties and the representations made to the Court and for good cause shown, the Court finds that failing to exclude the time from March 2 through March 30, 2022 would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time from March 2 to March 30, 2022 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. Therefore, and with the consent of the parties, IT IS

1  HEREBY ORDERED that the time from March 2 through March 30, 2022 shall be excluded from
2  computation under the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(A), (B)(iv).
3          IT IS SO ORDERED.

5  DATED:  February 15, 2022

HON. CHARLES R. BREYER
United States District Judge