COLIN L. COOPER, SBN 144291
KELLIN COOPER, SBN 172111
THE COOPER LAW OFFICES
800 Jones Street
Berkeley, CA 94710
(510) 558-8400
(510) 558-8401
www.cooperdefense.com

Attorneys for Defendant
IAN ROGERS

UNITED STATES DISCTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO VENUE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:21-CR-00274-CRB |
| Plaintiff, | SENTENCING MEMORANDUM |
| vs. | |
| IAN ROGERS, | Date: September 28, 2022 |
| Defendant. | Time: 9:30 a.m. |

Good people make mistakes. Mr. ROGERS will be the first one to tell you he made a huge mistake. What matters more is what good people do after making a mistake. Mr. ROGERS has made amends and has done all he could to rectify his colossal mistake.

**STATEMENT OF CASE**

On July 7, 2021, a five count Indictment was filed against Mr. ROGERS charging him in Count one with conspiring to destroy by fire or explosive a building in or affecting Interstate Commerce (18 U.S.C. §§ 844(i) and 844(n); in Count two with possession of unregistered destructive devices (26 U.S.C. § 5861(d); and in Counts 3 through 5 with possessing machine guns (18 U.S.C. § 922(o)). Mr. ROGERS pled guilty to Counts one, two and four on May 27, 2022, pursuant to a

written plea Agreement filed pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure. This 11(c)(1)(C) plea stipulates a sentence between 84 and 108 months imprisonment.

**STATEMENT OF FACTS**

Mr. ROGERS, following his divorce in 2016, began drinking more excessively. His drinking increased following the 2020 election when he then began bloviating, via text, with his co-defendant, about blowing up or shooting up government buildings. Notably, no actual, physical steps were taken by Mr. ROGERS to do any such thing.

Mr. ROGERS, prior to this case, had not ever been convicted of any offense. To the contrary, he had led a law abiding, productive life running an auto repair business, being a family man and raising his son and step-son.

The instant arrest has been an epiphanous moment for Mr. ROGERS. He cooperated with the arresting officers, voluntarily answered their questions, accepted responsibility for his misconduct, and pled guilty at an early stage. The 11(c)(1)(C) plea ensures that Mr. ROGERS is going to pay a significant price for his wrongdoing. Mr. ROGERS is fully committed to leading a law-abiding and productive life following his incarceration.

Mr. ROGERS is 46 years old. He has no prior convictions.  He has lived his entire life in Northern California and worked in the auto repair business for almost three decades. He is currently married and the father of an 11 year old boy and the step-father of a 12 year old boy. Notwithstanding the instant matter and his current incarceration, Mr. ROGERS retains the support of his family, his wife, his first wife and his children. (See, Exhibit "A", Letters of Support).

Mr. ROGERS suffered from a drinking problem that contributed to his involvement in the instant matter. He was drinking in excess of 12 beers a day and bloviating on text messages with his co-defendant. He did not seek out any other individuals in an attempt to participate in any wrongdoing.

Since his arrest, Mr. ROGERS acknowledged wrongdoing and expressed contrition. He cooperated with law enforcement at the time of his arrest by voluntarily answering their questions and allowing them to search his phones and computer devices. He admitted his wrongdoing at an early stage of the process and pled guilty.

Mr. ROGERS has the capacity to reform and lead a productive, law-abiding life. In light of all the circumstances surrounding the offense - - his immediate acceptance of responsibility and early guilty plea, his genuine remorse and contrition for his involvement in the instant case, his previous, continued and future support from his family and friends, and his ability to get back on track and lead a law abiding and productive life, a sentence of 84 months would be appropriate.

## ARGUMENT

### A. WHEN CONSIDERING ALL OF THE RELEVANT FACTORS IN 18 U.S.C. § 3553, TODAY A SENTENCE OF 84 MONTHS IS APPROPRIATE FOR MR. ROGERS

The ultimate goal of the court at sentencing is to impose a sentence that is reasonable. *See United States v. Carty*, 520 F.3d 984, 990-91 (9th Cir. 2008); *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006). A defendant's guideline range is a starting point, but there is no presumption that the guideline sentence is correct. *See Carty*, 520 F.3d at 90-91; see generally *United States v. Miqbel*, 444 F.3d 1173, 1175 fn.1 (9th Cir. 2006) (all sentencing guidelines and policy statements are advisory). Moreover, sentencing courts have the authority to disagree with the guideline range on policy grounds. (*See Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007).) In Kimbrough, the Supreme Court held that sentencing courts could disagree with the guideline sentence for defendants convicted of possessing crack cocaine because the 100 to 1 sentencing disparity for crack and powder cocaine was not based on empirical study, but rather on mandatory minimums set by Congress. (Kimbrough, 552 U.S. at 109-10.)

Mr. ROGERS entered into an 11(c)(1)(C) plea that jointly stipulated a sentence between 84

and 108 months.

There is no limitation to the information that a court may consider when determining an appropriate sentence. See 18 U.S.C. § 3661; U.S.S.G. § 1B1.4. The court's discretion is guided by 18 U.S.C. § 3553, which sets forth several factors that should be considered. Specifically, the court should consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-- (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; …; (5) any pertinent policy statement-- (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28 United States Code, subject to any amendments made to such policy statement by act of Congress …. (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In the instant action, and when all of the relevant factors are considered, Mr. ROGERS should receive a sentence of 84 months imprisonment. The conduct in the instant action was caused by a multitude of factors, specifically, a period of mental health struggles and excessive drinking. Mr. ROGERS has excellent employment skills, strong moral values, incredible continued support from his family and friends and the heart and soul to be a law-abiding and productive member of our community.

Today, in September 2022, a sentence of 84 months imprisonment is sufficient to "reflect the seriousness of the offense, promote respect for the law, provide just punishment", and protect the

public. Mr. ROGERS's criminal conduct was motivated by stress and excessive drinking, not by someone who is incapable of abiding by the rules of society. Mr. ROGERS has not suffered a criminal conviction before. The factors that led to the commission of the instant offense were numerous. Mr. ROGERS's episodic bouts of depression and excessive drinking clouded his judgment and contributed to his engagement of wrongdoing. These issues have been addressed since his arrest and are things he will assiduously work on for the remainder of his life.

On the positive side, Mr. ROGERS, despite his history, has a strong support system. And, he has demonstrated that he can be a productive member of society. He has expressed remorse and contrition every time I have met with him, every time I have discussed his case with him, and every time he has discussed his case with any family member or friend. And, Mr. ROGERS has expressed genuine contrition to everyone he is friends with – old and new. He is ashamed of his conduct but willing to acknowledge it in order to never repeat it. He will spend his remaining days doing all he can to redeem himself in the eyes of his family, his friends, and his community. Mr. ROGERS is not asking you to forget the "crime" he committed, he is importuning you not to forget the person he was before and the person he is now.

Mr. ROGERS is worth being given a second chance. Thus, considering all of the relevant characteristics and the aforementioned, it is requested that Mr. ROGERS be sentenced to 84 months imprisonment. This, given who Mr. ROGERS is today, is a sufficient punishment and meets the requirements of 18 U.S.C. § 3553.

## CONCLUSION

Mr. ROGERS now respectfully requests that this court impose a sentence of 84 months imprisonment.

Respectfully submitted,

THE COOPER LAW OFFICES

Dated: September 20, 2022           _____/S/_____
                                     COLIN COOPER

- 5 -